UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 19-mj-02617 A02

UNITED STATES OF AMERICA

vs.

HECTOR MANUEL ZAVALA MORA,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1.    Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?    _____ Yes   __X__ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
ROBERT J EMERY
Court ID No. A5501892
99 N.E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9421
FAX (305) 530-7976
Robert.Emery2@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Hector Manuel Zavala Mora,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 19-mj-02617 AOR<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 2015 to April 22, 2019__ in the county of _____Miami-Dade_____ in the __Southern__ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to committ money laundering. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

Luz Idarraga, Task Force Officer, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __4/23/19__

_____
Judge's signature

Alicia M. Otazo-Reyes, U.S. Magistrate Judge
*Printed name and title*

City and state: _____Miami, FL_____

## AFFIDAVIT

Your Affiant Luz Idarraga, first being duly sworn, state the following as true and accurate to the best of my knowledge and belief:

1. I am a Task Force Officer with the United States Drug Enforcement Administration (hereinafter DEA), and I have been so assigned since 2014. I have also been an officer with the Sunrise Police Department since 2011. Presently, I am assigned to the Miami Field Division of DEA, where I am responsible primarily for conducting narcotics trafficking and money laundering investigations. As a Task Force Officer with DEA, I have participated in numerous narcotics investigations involving: physical and electronic surveillance; the control and administration of confidential sources; international drug importations; international money laundering; and domestic drug organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers and money launderers. I also have spoken on numerous occasions with defendants, informants, suspects, and experienced narcotics and money laundering investigators concerning the manner, means, methods and practices that drug traffickers and money launderers use to further the operation of their organizations and the most effective methods of investigating and dismantling drug trafficking and money laundering organizations. I have also investigated smuggling and government corruption in Colombia and Venezuela related to drug trafficking. I am familiar with some of the import/export regulations in that region, as well as the black market for U.S. dollars.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18 and 21 of the United States Code.

1

3. The information contained in this affidavit is submitted for the sole purpose of establishing probable cause to arrest Hector Manuel Zavala Mora, (hereafter ZAVALA) for violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(2), that is, having conspired to transport, transmit, and transfer, or attempt to transport, transmit, and transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation, as well as my review of records, documents, and other physical items obtained during the course of this investigation.

**BACKGROUND**

5. ZAVALA is a Venezuelan citizen residing primarily on Isla Margarita, Venezuela. He was issued a multiple entry B1/B2 visa on April 1, 2013 at the United States Embassy in Caracas, Venezuela. ZAVALA holds a Venezuelan passport ending in 9291.

6. An individual known herein as Witness 1 resides in the United States. ZAVALA employs Witness 1 to pick up bulk amounts of U.S. currency in the United States and to transfer the cash according to ZAVALA's instructions, typically hand delivered to other bulk cash couriers, including in Miami-Dade County. I have obtained copies of ZAVALA's instructions regarding multiple cash pick-ups, subsequent transfers, as well as ZAVALA's payments to Witness 1 as compensation for completing the work. I have directly observed Witness 1 acting on ZAVALA's

behalf to pick up bulk cash throughout the United States, and transferring it at ZAVALA's instruction, including to Miami-Dade County. I have also heard and obtained audio recordings of conversations between ZAVALA and Witness 1 regarding the illicit nature of the bulk cash transfers. Some of my observations are described in detail below.

7.      An individual known herein as Witness 2 is a resident of Queens, New York, previously convicted of RICO and narcotics distribution in the Eastern District of New York. I am aware that law enforcement officers have observed couriers picking up bulk cash on behalf of ZAVALA from Witness 2. I have also heard and obtained audio recordings of conversations between ZAVALA and Witness 2 regarding the illicit nature of the bulk cash transfers, as well as other crimes.

8.      An individual known herein as Witness 3 is a resident of Puerto Rico and is the brother of Witness 2. I have heard and obtained audio recordings of conversations between ZAVALA and Witness 3 regarding the importation of illegal narcotics into the United States, as well as the bulk cash transfer of narcotics proceeds, as well as other crimes.

9.      An individual known herein as Witness 4 resides in the United States. ZAVALA employs Witness 4 to pick up bulk amounts of U.S. currency in the United States and to transfer the cash according to ZAVALA's instructions, typically to bank accounts believed to participate in the black market bolivar currency exchange, but also as wire transfers to entities in Venezuela or as hand deliveries to other bulk cash couriers. I have obtained copies of ZAVALA's instructions regarding multiple cash pick-ups, subsequent transfers, as well as ZAVALA's payments to Witness 4 as compensation for completing the work. I have also directly observed Witness 4 acting on ZAVALA's behalf to pick up and drop off bulk cash. Some of my observations are described in detail below.

**The Conspiracy to Launder Monetary Instruments**

10. Sometime after January 1, 2015, but no later than December 31, 2015, ZAVALA met with Witness 4 in the Southern District of Florida and asked Witness 4 to begin picking up drug proceeds on ZAVALA's behalf and assisting him transfer the funds to ZAVALA in Venezuela. Witness 4 agreed.

11. Soon thereafter, ZAVALA informed Witness 4 that he was organizing the importation of cocaine into the United States. Several months later, ZAVALA informed Witness 4 that the cocaine shipment had been successful and ZAVALA needed Witness 4 to begin picking up hundreds of thousands of U.S. dollars in bulk cash in the United States and transferring it to Venezuela. Witness 4 agreed and carried out ZAVALA's instructions using other couriers, as well as wire transfers to and from third party businesses publicly unaffiliated with ZAVALA and Witness 4.

12. I am aware that ZAVALA's illicit financial activity in the Southern District of Florida is ongoing, with ZAVALA making arrangements for the pick-up and transfer of bulk cash narcotics proceeds as recently as April 22, 2019, in Miami-Dade County.

**Conclusion**

13. Based on the foregoing facts, I submit that probable cause exists to believe that beginning on a date uncertain but no later than December 31 of 2015 until the present day, ZAVALA did, while in the Southern District of Florida, conspire to transport, transmit, and transfer, or attempt to transport, transmit, and transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, all in violation of Title 18, United States Code, Sections

1956(h) and 1956(a)(2).

FURTHER AFFIANT SAYETH NAUGHT.

_____
LUZ IDARRAGA, TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION


Subscribed and sworn to before
me this the 23rd day of April, 2019.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE