UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-CR-20408-JLK

**UNITED STATES OF AMERICA**

vs.

**HECTOR ZAVALA MORA,**

      **Defendant.**

_____/,

**GOVERNMENT SENTENCING MEMORANDUM**

The United States Attorney's Office for the Southern District of Florida and the Money Laundering and Asset Recovery Section of the United States Department of Justice Criminal Division ("together, the Government") hereby submit this memorandum regarding the sentencing of defendant Hector Zavala. This filing also includes the Government's response to the defendant's sentencing memorandum filed under seal on January 16, 2020.

The Government opposes the defendant's request for downward variance pursuant to sections 3553(a) and (b). The undisputed facts to which the defendant admitted through his guilty plea and factual proffer describe a serious and calculated crime. As set forth below, the defendant's requested variance is not warranted by the Sentencing Guidelines or the sentencing factors enumerated in Title 18, United States Code, Section 3553(a) and (b).

**I. Background**

Subsequent to his arrest in the Miami-Dade area by the DEA on April 22, 2019, the defendant plead guilty to an Information (Dkt. 18) containing a single count of conspiracy to launder monetary instruments in violation of Title 18, United States Code, Section 1956(h). As part of his guilty plea, the defendant admitted, among other things, to organizing the pick-up of at

least $4 million in illegal drug proceeds in the United States and transferring those proceeds to Venezuela and elsewhere. Dkt. 29. The defendant operated mostly from Isla Margarita, Venezuela, but utilized employees and bank accounts in the Southern District of Florida to carry out the scheme. Id. The defendant also traveled to the Southern District of Florida multiple times in support of the conspiracy. Id.

As part of his guilty plea, the defendant agreed that he "was an organizer, leader, manager or supervisor" as described in Section 3B1.1(c) of the U.S. Sentencing Guidelines and "should receive a two-level increase." Dkt. 28, para. 8(a). The defendant also agreed that he "should receive a six-level increase pursuant to Section 2S1.1(b)(1)" because he "knew or believed that any of the laundered funds were the proceeds of, or were intended to promote an offense involving the manufacture, importation, or distribution of a controlled substance or listed chemical." Id. at para. 8(c). The Government and the defendant acknowledged that their agreement on these two points were, "not binding on the probation office or the Court." Id. at para. 8.

U.S. Probation Officer Michael C. Soto conducted a presentence investigation of the defendant and filed a report on September 25, 2019. Dkt. 35. The Government filed no objections to the report. The defendant filed objections on October 4, 2019. Dkt. 36. On January 16, 2020, the defendant filed under seal for a downward variance based on Title 18, United States Code, Sections 3553(a) and (b).

## II.     Government's Position

None of the arguments put forth in the defendant's sealed sentencing memorandum rise to the level of warranting a variance from the U.S. Sentencing Guideline recommendation outlined in paragraphs 78 and 79 of U.S. Probation Officer Soto's presentence investigation report. There is no "mitigating circumstance of a kind, or a degree, not adequately taken into consideration by

the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described" in subsection (a)(4). 18 U.S.C. § 3553(b). Accordingly, the Court should impose the U.S. Probation Office's recommendation so that the sentence reflects the seriousness of laundering illegal drug proceeds and will deter others from coming to the Southern District of Florida to conduct such criminal conduct. Following the U.S. Probation Office's recommendation would promote respect for the United States' anti-money laundering laws and provide a just punishment for an offense that provided over $4 million to overseas sources of illegal drugs.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   */s/ Robert J. Emery*
Robert J. Emery
Assistant United States Attorney
Florida Bar No. 152579
99 Northeast 4th Street
Miami, Florida 33132-2111
(305) 961-9421

and

DEBORAH L. CONNOR
CHIEF, MONEY LAUNDERING AND ASSET
RECOVERY SECTION

By:   */s/ Joseph Palazzo*
Joseph Palazzo
U.S. Department of Justice Trial Attorney
SDFL Bar No. A5502141
1400 New York Avenue, N.W. – 10th Floor
Washington, D.C. 20005
(202) 514-1263
joseph.palazzo@usdoj.gov